MILDRED LAWRENCE, PLAINTIFF, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, DEFENDANT.

Submitted May 15, 1926—Decided November 13, 1926.

Negligence—Injury to Railroad Passenger While Leaving Company's Property After Alighting From Train—Plaintiff Pursued a Path Over Company's Property Not Intended For Patrons—Held, That Under Normal Conditions the Existence of a Worn Path Across Tracks to Station Cannot be Relied on as an Invitation to Use That Path so Long as There is a Safe Pathway Provided For Such Access, Though the Pathway Provided is Less Convenient—Verdict Against Charge of Court and Weight of Evidence.

On defendant's rule to show cause why plaintiff's verdict should not be set aside.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and MINTURN.

For the rule, *Frederic G. Scott.*

*Contra, Richard J. Mackey.*

PER CURIAM.

The defendant operated a railroad. One of the branches of this railroad extended from Hoboken through the Oranges, Newark, Morristown, and so forth, to Denville. The plaintiff lived in Denville and became a passenger on a train operated by this defendant along this particular branch of its railroad. She left Hoboken about eight o'clock and arrived at Denville at nine forty-five, on the evening of September 24th, 1924. As we read the evidence as to the plaintiff's subsequent movements, it is correctly recited in the judge's charge thus:

"On the night in question she alighted from the train, walked up this platform and then turned to her right, went down the platform, went to the right of the signal post, went down a slight incline, and then walked between the freight tracks and the passenger tracks, and after she had walked a very short distance, she struck her foot against a signal box that was there and fell and was injured."

She brought this suit against the railroad company, alleging negligence on the part of the railroad company.

The trial judge further said in his charge (and we think correctly) that "it is not disputed in this case, as I understand the evidence, but you are to be the sole judges of fact, that the railroad company did provide a way for the passengers to reach the public highway, but that way was not as convenient as taking a short cut. Mr. Reilly (who was accompanying the plaintiff at the time), who was introduced by the plaintiff, says that many of the people from the northern part of Denville made a shorter cut than this lady took on

the night in question, that instead of going between the tracks they cut across the track; that he had seen many people, during the time he had lived there, take the very same course that Miss Lawrence took on that night in question."

Again, in reference to the evidence, the judge further said in his charge: "There is no evidence that the railroad company even attempted to stop people from walking along that track the way Miss Lawrence went, and there is no evidence that there was any sign there and neither is there any evidence that the railroad company ever did anything to make that a path for people to reach the station. It appears that the signal box extended out some distance between these tracks and it had been there as long as Mr. Reilly had lived there in the same position it was, and beyond that box to the signal box there was a switch apparatus which also extended out, and they had been there for a considerable length of time, just as long as Mr. Reilly had been there, and how much longer does not appear. Now, Miss Lawrence knew of all that condition of affairs. She walked there according to her own story almost every day during the time that she was down in Denville. She knew exactly the situation." That, in substance, was a correct recital of the evidence so far as it is now material.

Continuing, the learned trial judge further charged more particularly with reference to the legal situation as follows: "Now, gentlemen, if you find in this case no evidence that the railroad company had ever done anything except to allow these people to pass over this pathway, Miss Lawrence was not in a position that she could hold this railroad liable as an invitee. She was simply either a trespasser or a licensee, and all the duty that the railroad company owed was to refrain from willful acts of injury, and, of course, there was no willful act of injury on the part of the railroad company here."

We think that the learned trial judge correctly stated the undisputed material facts to the jury. He likewise correctly stated the rule of law. It is stated to the same effect in *Corson v. Atlantic City Railroad Co.*, 83 *N. J. L.* 519, thus:

"Under normal conditions, the existence of a worn path across railroad tracks to a station cannot be relied on as an invitation to use that path, so as to make the railroad company responsible for injuries due to mere negligence, so long as there is a safe pathway provided for such access, and the fact that the pathway provided is less convenient than the other will make no difference in the rule."

We are therefore constrained to hold that the verdict was contrary to the charge of the court, and was certainly against the great weight of the evidence in regard to invitation.

The rule to show cause must be made absolute.